**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| _____v._____ | : | |
| **RASHEEN MINES** | : | **NO. 07-cv-5323** |

## MEMORANDUM AND ORDER

1.      The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as

"AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in

state custody, or in federal custody, to file a petition in a federal court seeking the

issuance of a writ of habeas corpus; if such a writ is granted, a prisoner can be

released from custody on the grounds his constitutional[1] rights have been violated.

2.      An attack by a prisoner on a state conviction and/or a state sentence is typically

made by means of 28 U.S.C. §2254, which provides for relief from custody for a

petitioner who makes a ***constitutional***[2] attack on the imposition, ***and/or*** the execution,[3]

of a state conviction and/or a state sentence, which may only be filed after the state

_____

[1]For the purpose of brevity, we will use the term "Constitutional" throughout this manual to refer not only to attacks on federal custody or on state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as alleged violations of federal statutes or treaties involving the United States, or attacks on an alleged lack of jurisdiction by the sentencing court or, in federal custody cases, attacks on a sentence that allegedly illegally exceeds the legal maximum.

[2]Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency.  Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA.  Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[3]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

1

conviction has been  imposed.

3.     An attack by a prisoner on a federal conviction and/or sentence is typically made by means of 28 U.S.C. §2255, which provides for relief from custody for a petitioner who makes a constitutional attack on the imposition (and not the execution) of a federal conviction and/or a federal sentence, such attack being made after the imposition of the federal sentence.[4]

4.     Petitioner filed a petition seeking relief pursuant to 28 U.S.C. §2255 on December 18, 2007; in this petition, he claims that he was convicted on January 11, 1999 in the Court of Common Pleas of Philadelphia County; he says that the sentence imposed by that court was "9 to 23 months;" petitioner also claims that he is currently in federal custody.

5.     Pursuant to the language of the AEDPA statutes themselves, a prisoner seeking to bring either a §2254 habeas, or a §2255 habeas, must be "in custody" ***at the time the habeas is filed***.[5]  The concept of being "in custody" means that a person is subject to ***both:***

> I.     significant restraints on liberty which are not shared by the public generally; ***and***

---

[4]Where there is an attack on a federal conviction which does not involve a Constitutional argument, there is no right to habeas corpus relief, and the proper remedy lies in a request for a new trial pursuant to Federal Rule of Criminal Procedure 33.  Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003). Where there is an attack on a federal sentence which does not involve a Constitutional argument, there is not right to habeas corpus relief, and the proper remedy lies in a request for a new sentence pursuant to Federal Rule of Criminal Procedure 35.  USA v. Canino, 212 F.3d 383 (7th Cir. 2000).

[5]Spencer v. Kemna, 523 U.S. 1 (1998).

II.      some type of continuing governmental supervision.[6]

6.      In the instant petition, it is impossible for this court to determine how petitioner

could still consider himself to be in custody for a "9 to 23 month" sentence apparently

imposed in 1999.  It is also impossible for this court to determine why petitioner is

currently in federal custody.  It is also impossible for this court to determine why

petitioner believes an apparent attack on the aforesaid 1999 state conviction impacts

on his apparent current federal custody.

       Accordingly, this              Day of                              200        ,

it is hereby **ORDERED** as follows.

    1.      Leave is granted for petitioner to proceed in forma pauperis, for the
            purpose of all proceedings in this court, and also for the purpose of filing
            a notice of appeal.

    2.      The Clerk of Court shall furnish petitioner with a blank copy of this court's
            current standard form for filing a petition pursuant to 28 U.S.C. §2254
            (bearing the above-captioned civil action number).  The Clerk of Court
            shall also furnish petitioner with a blank copy of this court's current
            standard form for filing a petition pursuant to 28 U.S.C. §2255 (bearing
            the above-captioned civil action number).

    3.      Petitioner shall notify this court within thirty (30) days whether he wishes
            that 07-cv-5323 proceed as a 28 U.S.C. §2255 petition or as a 28 U.S.C.
            §2254 petition (and if so, petitioner shall explain why he wishes it to so
            proceed).  If petitioner wishes 07-cv-5323 to proceed as a 28 U.S.C.
            §2254 petition, he shall complete the enclosed 28 U.S.C. §2254 form and
            return it to this court.  If petitioner wishes 07-cv-5323 to proceed as a 28
            U.S.C. §2255 petition, he shall complete the enclosed 28 U.S.C. §2255
            form (including information as to how he came to be in federal custody)
            and return it to this court.

---

       [6]Obado v. New Jersey, 328 F.3d 716 (3rd Cir. 2003).  Accord, Kumarasamy v.
Attorney General of the United States, 453 F.3d 169 (3rd Cir. 2006); Jordon v. Attorney
General of the United States, 424 F.3d 320 (3rd Cir. 2005); Barry v. Bergen County
Probation Dept., 128 F.3d 152 (3rd Cir. 1997).

4.      Petitioner is formally placed on notice that if he does not provide an answer to the questions raised in this Memorandum and Order within thirty (30) days, then 07-cv-5323 will be dismissed without prejudice.


                    _____S/ ANITA B. BRODY_____
                         **ANITA B. BRODY, U.S. District Judge**